IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIFESTYLE REAL ESTATE LENDER, LLC** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-4259** |
| : | |
| **FRED RAPPAPORT, ET AL.** : | |

**McHUGH, J.**                                                                                   **March 15, 2021**

**MEMORANDUM**

Federal courts are courts of limited jurisdiction, and when there is a question as to the court's power to preside, "it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977). Here, in reviewing the record for purposes of a Case Management Conference pursuant to Federal Civil Rule 16, the Court became concerned as to the factual basis for diversity jurisdiction and ordered Plaintiff to demonstrate the basis for jurisdiction. *See* ECF 14. Having reviewed Plaintiff's submission, I am compelled to conclude that jurisdiction does not exist.

Plaintiff Lifestyle Real Estate Lender, LLC is a limited liability company. Its citizenship is "determined by the citizenship of its members[.]" *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010). One of its members, RM Investors, LLC, is itself a limited liability company, whose citizenship is therefore determined by the citizenship of ***its*** members. And one of those members, RM Investors Corp., is a corporation incorporated in Delaware, rendering it a Delaware citizen under 28 U.S.C. § 1332(c)(1). According to the Complaint, Defendant Lifestyle Health Group, Inc. is also incorporated in Delaware. *See* Compl. ¶ 5. To qualify for diversity jurisdiction, "the parties must be completely diverse, meaning no plaintiff can

1

be a citizen of the same state as any of the defendants." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 393 (3d Cir. 2016) (citation and punctuation omitted). Consequently, in this case, complete diversity does not exist.

There is an additional deficit in Plaintiff's assertion of diversity jurisdiction. To establish diversity, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines. Inc. v. Aetna Cas. and Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999). Plaintiff has made no showing as to the citizenship of the members of Defendant Lifestyle Real Estate, LLC, either at the outset or in response to the rule to show cause. Rather, it appears to assume that the entry of a default against Defendant Lifestyle Real Estate, LLC (along with Lifestyle Healthcare Group, Inc.) renders any showing of jurisdiction as to them superfluous. Such an assumption would be erroneous, for two reasons. First, "[it] is true that under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed." *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 152 (3d Cir. 2009). If no jurisdiction existed at the outset, the subsequent entry of a default does nothing to cure that defect. Second, the default entered against Defendants Lifestyle Healthcare Group, Inc. and Lifestyle Real Estate, LLC would presumably progress to a judgment. *See* ECF 12. But no court can enter judgment where it lacks jurisdiction, and such a judgment would be void. As recognized by the Third Circuit, a "judgment may indeed be void, and therefore subject to relief under [Rule] 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter." *Marshall v. Bd. of Educ. Bergenfield, N.J.,* 575 F.2d 417, 422 (3d Cir. 1978). Jurisdiction is the prerequisite for any action that a court takes.

This matter must therefore be dismissed for lack of subject matter jurisdiction. Presumably Plaintiff can avail itself of the protection provided by 42 Pa C.S. § 5103(b)(1).

An appropriate Order follows.

   /s/ Gerald Austin McHugh
United States District Judge